```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA

                          - - -

UNITED STATES OF AMERICA    :  CRIMINAL NO. 14-583-1
                            :
                            :
           v.               :  Allentown, Pennsylvania
                            :  March 4, 2016
                            :  10:16 o'clock a.m.
CORDERRO CODY               :
. . . . . . . . . . . . . . .

                   SENTENCING HEARING
           BEFORE THE HONORABLE EDWARD G. SMITH
             UNITED STATES DISTRICT COURT JUDGE

                          - - -

APPEARANCES:

For the Government:      SHERRI A. STEPHAN, ESQUIRE
                         U.S. Attorney's Office
                         615 Chestnut Street
                         Suite 1250
                         Philadelphia, PA  19106

For the Defendant:       COLEY O. REYNOLDS, ESQUIRE
                         Omnis Law Group, LLC
                         1515 Market Street
                         Suite 1210
                         Philadelphia, PA  19102

Also Present:            Leslie Maxwell
                         U.S. Probation Office


Courtroom Deputy/ESR:    Jaime Kulick

Transcribed by:          Tracey J. Williams, CET

(Proceedings recorded by For the Record Gold digital sound
recording; transcript provided by AAERT-certified
transcriber.)




                   Laws Transcription Service
                     48 W. LaCrosse Avenue
                      Lansdowne, PA 19050
                         (610)623-4178
```

1       (The following occurred in open court at 10:16
2  o'clock a.m.)
3           THE COURT:  You may be seated.  Good morning.
4           ALL:  Good morning, your Honor.
5           THE COURT:  Court is called to order in the matter
6  of the United States v. Corderro Cody, this is Criminal
7  Action Number 14-0583.  The Court convenes today for purposes
8  of a sentencing hearing with respect to Mr. Cody.
9           Present in the courtroom is the Defendant.  Mr.
10 Cody, good morning, sir.
11          THE DEFENDANT:  Good morning, sir.
12          THE COURT:  He's accompanied by his attorney, Coley
13 Reynolds.
14          MR. REYNOLDS:  Good morning, your Honor.
15          THE COURT:  Good morning, sir.
16          On behalf of the United States appears Assistant
17 United States Attorney Sherri Stephan.
18          MS. STEPHAN:  Good morning.
19          THE COURT:  And on behalf of Homeland Security,
20 Stephanie Snyder.
21          SPECIAL AGENT SNYDER:  Good morning, your Honor.
22          THE COURT:  And also we have the Probation Officer
23 who prepared the presentence report in this case, Leslie
24 Maxwell.
25          MS. MAXWELL:  Good morning, your Honor.

1    THE COURT: Mr. Cody, are you prepared to proceed to
2 sentencing at this time?
3    THE DEFENDANT: Yes, sir.
4    THE COURT: Very well, sir. If you would please
5 stand and raise your right hand to be sworn?
6    CORDERRO CODY, Sworn.
7    THE COURT: Thank you very much, sir. You may be
8 seated.
9    Mr. Cody, you previously entered guilty pleas to all
10 15 counts of the second superseding indictment. That was one
11 count of conspiracy to commit sex trafficking by force, fraud
12 or coercion; one count of conspiracy to transport women
13 interstate for commercial sex acts; 12 counts of sex
14 trafficking by force, fraud or coercion, or attempt; and one
15 count of sex trafficking of a minor.
16    You also agreed to the forfeiture as set forth in
17 the notice of forfeiture.
18    All of these offenses were arising from a forced sex
19 trafficking operation that was conducted in Allentown,
20 Reading and elsewhere from in or around 2009 to May 20th,
21 2014.
22    I accepted your plea of guilt and instructed the
23 Probation Office to prepare a presentence report. I have now
24 received that presentence report and thoroughly reviewed it.
25    Mr. Reynolds, have you also received a copy of the

1  report?

2          MR. REYNOLDS:  I have, your Honor.

3          THE COURT:  And did you have an opportunity to
4  discuss that with Mr. Cody?

5          MR. REYNOLDS:  I have, your Honor.

6          THE COURT:  And I note there is -- it's indicated
7  that there are no objections, although in your sentencing
8  memo you did indicate that that's with the caveat that Mr.
9  Cody now asserts his innocence.  So to the extent the
10 description of the crimes for which Mr. Cody pled guilty
11 suggest that there was force, fraud or coercion, he disputes
12 that?

13         MR. REYNOLDS:  Yes, but understanding, your Honor,
14 that he did plead guilty and based on that guilty plea, we've
15 reviewed the PSR and the Guidelines are correct and there's
16 no objections based on that, just sort of the general
17 objection as you noted, your Honor.

18         THE COURT:  Understood.  Thank you very much, sir.

19         MR. REYNOLDS:  Thank you, your Honor.

20         THE COURT:  And Assistant United States Attorney
21 Stephan, does the Government have any objections,
22 modifications or additions to the presentence report?

23         MS. STEPHAN:  We do not, your Honor.

24         THE COURT:  Thank you very much.

25         I note that the presentence report determined that

1   the total offense level in this case was a 43, the Criminal
2   History Category was a III; accordingly, the recommended
3   sentence is life incarceration.
4           Do both Counsel agree that the Probation Office has
5   properly calculated the Guidelines sentencing range?
6           MR. REYNOLDS:  Yes, your Honor.
7           MS. STEPHAN:  Yes, your Honor.
8           THE COURT:  Now, Mr. Cody, you entered your plea
9   pursuant to a plea agreement, and that plea agreement was
10  made pursuant to Federal Rule of Criminal Procedure
11  11(c)(1)(C) with the following specific sentence:  360 months
12  of imprisonment, a mandatory minimum five years of supervised
13  release, up to a lifetime of supervised release, a fine, and
14  a $1500 special assessment.
15          Now, to the extent the Court accepts the guilty plea
16  agreement, it must impose sentence in accordance with that
17  agreement or allow you to withdraw your guilty plea.  Do you
18  understand that?
19          THE DEFENDANT:  Yes, sir.
20          THE COURT:  Does the Government have any witnesses
21  it intends to call in this case?
22          MS. STEPHAN: Your Honor, no.  Solely victim impact
23  statements, not witnesses.
24          THE COURT:  Very well.  And does the defense have
25  any witnesses it intends to call in this case?

1      MR. REYNOLDS:  No, your Honor.

2      THE COURT:  And, Mr. Reynolds, have you seen the
3 victim impact statements?

4      MR. REYNOLDS:  Your Honor, I have not.

5      MS. STEPHAN:  No, your Honor.  What happened this
6 morning is one of the victims decided after all that she did
7 want to present a victim impact statement to the Court and
8 she's not in the area, she's out of the area.  So I sent an
9 email and I think the Agent talked to your deputy clerk this
10 morning to see if there's a way to be able to allow her to do
11 that by speaker phone.  We were going to just call her on the
12 phone, if we can reach her, and then use the microphone to
13 have her give her statement to the Court that way.

14      THE COURT:  Mr. Reynolds, do you have any objection?

15      MR. REYNOLDS:  I don't think so, your Honor.

16      THE COURT:  Counsel, would this be --

17      MS. STEPHAN:  And, your Honor, there was one who
18 emailed us something that she asked if the Agent could read
19 out loud in her behalf as well.  So it's just an email that a
20 different victim wanted the Agent to just read to the Court,
21 if that's permitted.

22      THE COURT:  Very well.  Mr. Reynolds, do you have
23 any objection to that?

24      MR. REYNOLDS:  No, your Honor.

25      THE COURT:  And do you need to see these statements

1  before they are read?
2          MR. REYNOLDS:  Can I just take -- it looks like
3  they're short, if I can just briefly.
4          THE COURT:  And the record will reflect statements
5  are being provided to Mr. Reynolds to review.
6          (Pause.)
7          THE COURT:  Mr. Reynolds, is there any objection to
8  the statements being introduced into evidence?
9          MR. REYNOLDS:  No, your Honor.
10         THE COURT:  Very well.  Assistant United States
11 Attorney Stephan, you may proceed.
12         MS. STEPHAN:  May I just have the Agent read them
13 into the record?
14         THE COURT:  Certainly.
15         MS. STEPHAN:  Thank you.
16         SPECIAL AGENT SNYDER:  The first email that I
17 received is from the victim identified as M.G.  She stated
18 that, "I just want to say, you are where you need to be.
19 You really messed up my life, made me think it was okay for a
20 guy to put their hands on me, turned me on to the worst drug,
21 could have killed me, and for some reason it doesn't even
22 bother you.  You're a sick individual and I hope you learn
23 something in there.  God bless you."
24         The second email I received is from the victim
25 identified as A.D.  "This is to Judge Smith.  I really wanted

1   to be there in person at the sentencing hearing.  However,
2   there are a couple of reasons why I won't be present.  For
3   starters, I have a lot of mixed feelings about seeing
4   Corderro again.  I don't want to run into any of his family.
5   I don't want to be a part of anything that has to do with
6   him.  I want it to be known that I am writing this today
7   because I want Corderro to get the punishment he deserves for
8   everything he's done to me.  I really lost a lot in my life
9   because of him, my children, money, clothes, friends, my
10  sanity, so much I can't even explain it right now.  If he
11  were to be let free now, I'm convinced he will for sure hurt
12  more girls, possibly kill.  He does not deserve to be in
13  society.  He does not care about anyone but himself.  He is a
14  manipulative piece of shit.  I can't even finish what I
15  wanted to say.  Corderro needs to get what he deserves, jail,
16  for a long time.
17          "I apologize, I'm feeling very emotional writing
18  this.  I have to go.  A.D."
19          THE COURT:  Thank you very much (indiscernible) --
20          MS. STEPHAN:  Apparently, we're now having trouble
21  getting a hold of her to be able to give a verbal impact to
22  the Court.  She had emailed this morning saying she wanted to
23  do it, she was at work at the time.  She knows the timing of
24  it and so far, unfortunately, texts and emails to her have
25  gone unanswered.  So if she doesn't, then we'll have to --

1  that was her statement, the one that was just read, but she
2  also wanted to do it via --
3             THE COURT:  Would you like to take a recess and see
4  if you can get her on the phone?
5             MS. STEPHAN:  Knowing our history with her, she
6  probably changed her mind already.  She's probably too afraid
7  to call in.  So I don't think the time -- I don't think a few
8  minutes or five minutes will change anything at this point,
9  so -- but thank you, your Honor, I appreciate it.
10            THE COURT:  Does the Government have any other
11 evidence to introduce?
12            MS. STEPHAN:  We do not.
13            THE COURT:  And, Mr. Reynolds, does the defense have
14 any evidence to introduce?
15            MR. REYNOLDS:  It does not, your Honor.
16            THE COURT:  And Assistant United States Attorney
17 Stephan, do you have any argument on sentencing in this
18 matter?
19            MS. STEPHAN:  Very, very brief.
20            THE COURT:  You may proceed.
21            MS. STEPHAN:  Certainly, your Honor.
22            Your Honor, I don't have too much to say.
23 Obviously, this Court is well aware of the facts in this
24 case, both from pretrial hearings, the actual guilty plea
25 itself and the factual basis provided at that time, as well

1   as even the change of -- the attempt to withdraw the guilty
2   plea in this case.  So I would submit to the Court you
3   already have an understanding, a very concrete one of the
4   underlying facts.
5          So I would rely mostly on the Judge's already wealth
6   of knowledge, as well as the Government's submitted
7   sentencing memorandum.  We do believe a 30-year sentence is
8   warranted in this case and we simply ask that you adopt that.
9          THE COURT:  Very well.  Thank you.
10         MS. STEPHAN:  Thank you.
11         THE COURT:  And, Mr. Reynolds, you may argue on
12  behalf of Mr. Cody.
13         MR. REYNOLDS:  Your Honor, my only argument really,
14  your Honor, is that we ask -- I know you've accepted the
15  plea, we would just ask you to impose it as it was
16  negotiated.  And I think that's all we would have, your
17  Honor, other than I just ask you to incorporate my sentencing
18  memorandum and that would be it.
19         THE COURT:  Thank you very much, sir.
20         Mr. Cody, sir, you have an absolute right to say
21  anything you wish to say to the Court or anything you wish to
22  present to the Court.  Is there anything you would like to
23  say, sir?
24         THE DEFENDANT:  Not at all.
25         THE COURT:  I have carefully considered the

Case 5:14-cr-00583-EGS Document 119 Filed 05/02/16 Page 11 of 19

11

1  sentencing memorandum submitted by both the Government and
2  the defense, as well as the presentence report.  I do adopt
3  and credit the presentence report, its factual findings and
4  its Guideline application.
5          I have carefully considered the plea agreement,
6  which was made pursuant to Section 11(c)(1)(C) of the Federal
7  Rules of Criminal Procedure and provides that I must impose a
8  specific sentence or allow Mr. Cody to withdraw his guilty
9  plea.
10         I have also considered, in addition to the
11 Guidelines, the sentencing factors set forth at Section
12 3553(a) of Title 18 United States Code.
13         This is a very serious case and Mr. Cody also has a
14 serious background, inasmuch as the sentence should properly
15 reflect not just the offenses, but also the offender.  I note
16 that Mr. Cody has been sentenced on multiple times in the
17 past and that this particular series of offenses is
18 particularly heinous, and what was done to these girls over
19 this period of time is almost unbelievable and that it was
20 allowed to continue as long as it did before Mr. Cody was
21 finally arrested.  The nature and circumstances of the
22 offense almost could not be more offensive.
23         And the history and characteristics of the Defendant
24 suggest that he really had no remorse with respect to the
25 conduct he was committing.  Although I will say that was

Case 5:14-cr-00583-EGS   Document 119   Filed 05/02/16   Page 12 of 19

12

1  somewhat changed when he decided to plead guilty in this
2  case, notwithstanding the subsequent efforts to withdraw the
3  guilty plea.
4      I will note that during the plea hearing, Mr. Cody,
5  you were candid, you appeared to be honest, accepting
6  responsibility, and recognizing what you had actually done to
7  these women, and I am taking that into account in determining
8  whether this sentence is an appropriate sentence.
9      Obviously, the sentence imposed needs to reflect the
10 seriousness of the offense, promote respect for the law and
11 afford deterrence, and protect the public from your further
12 crimes.  Also to provide you with whatever needed educational
13 and vocational training, and other correctional treatment
14 that is available.
15     And the kinds of sentences available here, really
16 incarceration is the most important sentence available to the
17 Court in ensuring that you are segregated from the public and
18 from other potential victims.  I note that all of these
19 victims were particularly vulnerable and you were
20 particularly adept at manipulating them, using both force,
21 coercion and other manipulation in order to get them to
22 participate in your program, which involved prostitution.
23     After considering all of the factors and considering
24 what the Guidelines are, considering the time and effort that
25 went into the negotiation of the plea agreement between both

1  the Government and the defense, I do believe that this plea
2  agreement is appropriate under the law and is fair and just,
3  and I do accept the agreement.  And the agreed disposition
4  will be included in the judgment and the sentence.
5  Accordingly, I impose a sentence as follows.
6           Pursuant to the Sentencing Reform Act of 1984, it is
7  the judgment of the Court that the Defendant Corderro Cody is
8  hereby committed to the custody of the Bureau of Prisons, to
9  be imprisoned for a term of 360 months on each of Counts 1
10 and 3 through 15, and 60 months as to Count 2, all such terms
11 to run concurrently, for a total term of 360 months.
12          Upon release from imprisonment, the Defendant shall
13 be placed on supervised release for a term of 20 years.  This
14 term consists of terms of 20 years on each of Counts 1
15 through 15, all such terms to run concurrently.
16          Within 72 hours of release from the custody of the
17 Bureau of Prisons, the Defendant shall report in person to
18 the Probation Office in the district to which the Defendant
19 is released.
20          While on supervised release, the Defendant shall not
21 commit another Federal, state or local crime, shall be
22 prohibited from possessing a firearm or other dangerous
23 device, shall not possess an illegal controlled substance,
24 shall cooperate in the collection of DNA as directed by the
25 Probation Officer, and shall comply with the other standard

14

1  conditions that have been adopted by this Court.
2          The Defendant must submit to one drug test within 15
3  days of commencement of supervised release and at least two
4  tests thereafter, as determined by the Probation Officer.
5          In addition, the Defendant shall comply with the
6  following conditions.  The Defendant shall participate in a
7  sex offender treatment program for evaluation and/or
8  treatment, and abide by the rules of any such program until
9  satisfactorily discharged.
10         The Defendant shall participate in a drug and
11 alcohol treatment program for evaluation and/or treatment,
12 and abide by the rules of any such program until
13 satisfactorily discharged.
14         The Defendant shall report to the U.S. Probation
15 Office any regular contact with children of either sex under
16 the age of 18.  The Defendant shall not obtain employment or
17 perform volunteer work which includes regular contact with
18 children under the age of 18.
19         The Defendant shall register with the state sex
20 offender registration agency in any state where the Defendant
21 resides, is employed, carries on a vocation, or is a student,
22 as directed by the Probation Officer.
23         The Court finds that the Defendant does not have the
24 ability to pay a fine; the Court will waive the fine in this
25 case.

1       It is further ordered that the Defendant shall pay
2  to the United States a total special assessment of $1500,
3  which shall be due immediately.
4       Mr. Corderro, do you understand the sentence that
5  I've imposed?
6       THE DEFENDANT:  Yes.
7       THE COURT:  And, sir, do you agree that it is in
8  accordance with the plea agreement that you entered into with
9  the Government?
10      THE DEFENDANT:  Yes, your Honor.
11      THE COURT:  And do both Counsel agree that the
12 sentence I have imposed is in accord with the plea agreement?
13      MR. REYNOLDS:  Yes, your Honor.
14      MS. STEPHAN:  May I ask one question, Judge?
15      THE COURT:  Certainly, Counsel.
16      MS. STEPHAN:  Only because of recent case law I ask
17 this.  I totally agree with the Judge's supervised release
18 condition of the Defendant, have supervised contact with
19 anybody under the age of 18, but for the purposes of the
20 record I would -- it's understanding, I would submit, from
21 the record in this case and the charges against him, that's
22 because of the count of him actually enticing a minor --
23      THE COURT:  Correct.
24      MS. STEPHAN:  -- into sex trafficking.
25      THE COURT:  That's correct.

1        MS. STEPHAN:  Thank you.  Then I agree with the
2   sentence.  Thank you, your Honor.
3        THE COURT:  Mr. Cody, I explained to you in some
4   detail during the plea hearing the provisions of your guilty
5   plea agreement regarding the waiver of your right to appeal;
6   do you recall that?
7        THE DEFENDANT:  Yes.
8        THE COURT:  And do you have any questions about the
9   waiver provisions of your plea agreement?
10        (Discussion held off the record.)
11        THE DEFENDANT:  Not at this time, your Honor.
12        THE COURT:  Sir, ordinarily you can appeal your
13   conviction, if you believe that your guilty plea was somehow
14   unlawful or involuntary, or if there's some other fundamental
15   defect in the proceedings that was not waived by your guilty
16   plea.
17        Under some circumstances, a defendant also has the
18   right to appeal the sentence; however, a defendant may waive
19   that right as part of a plea agreement, and you have entered
20   into a plea agreement which waives some or all of your rights
21   to appeal the sentence itself.  Such waivers are generally
22   enforceable, but if you believe the waiver itself is not
23   valid, you can present that theory to the appellate court.
24        Any notice of appeal must be filed within 14 days of
25   the entry of judgment or within 14 days of the filing of a

```
 1   notice of appeal by the Government.  If requested, the Clerk
 2   will prepare and file a notice of appeal on your behalf.
 3              If you cannot afford to pay the costs of an appeal
 4   or for appellate counsel, you have the right to apply for
 5   leave to appeal in forma pauperis, which means you can apply
 6   to have the Court waive the filing fee.  On appeal, you may
 7   also apply for court-appointed counsel.
 8              But do you understand your appellate rights and the
 9   waiver of those appellate rights?
10              THE DEFENDANT:  Yes, your Honor.
11              THE COURT:  And Assistant United States Attorney
12   Stephan, with respect to the forfeiture, you have presented
13   to the Court the judgment and preliminary order of
14   forfeiture?
15              MS. STEPHAN:  That's correct, your Honor.
16              THE COURT:  And, Mr. Reynolds, is there any
17   objection to the Court entering the judgment and preliminary
18   order of forfeiture?
19              MR. REYNOLDS:  I've reviewed it, your Honor, and I
20   have no objection.
21              THE COURT:  Very well, then that will be entered at
22   this time.
23              Counsel, is there anything further that we need to
24   address?
25              MR. REYNOLDS:  There is, your Honor, just a little
```

```
 1  housekeeping matter.
 2          THE COURT:  Yes, sir.
 3          MR. REYNOLDS:  In looking at my motion, I realized
 4  that on page 2 there were two dates that were missing.
 5          THE COURT:  Yes.
 6          MR. REYNOLDS:  They were supposed to have been done
 7  before my secretary filed them, but -- so just for
 8  housekeeping, on page 2 it says, "subsequently on," and then
 9  there's blank, it should be January 31st, 2016.  And then on
10  the next line it says, "on," blank, it should be February
11  19th, 2016.
12          THE COURT:  Very well.  Thank you very much, sir.
13          MR. REYNOLDS:  With that amendment, I have nothing
14  further, your Honor.
15          THE COURT:  Thank you very much.
16          And there's nothing further from the Government?
17          MS. STEPHAN:  No, your Honor.  Thank you.
18          THE COURT:  Very well, this matter is adjourned.
19          MR. REYNOLDS:  Thank you, your Honor.
20          (Proceedings adjourned at 10:37 o'clock a.m.)
```

CERTIFICATION

     I hereby certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.


s:/Geraldine C. Laws, CET          Date 4/29/16
Laws Transcription Service