UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | |
| v. | : | No. 5:14-cr-00583 |
| | : | |
| CORDERRO CODY, | : | |
|         Defendant | : | |

_____

**O P I N I O N**
**Motion for Reduction of Sentence, ECF No. 154 – Denied**
**Supplemental Motion for Reduction of Sentence, ECF No. 159 - Denied**

**Joseph F. Leeson, Jr.**                                                                            **May 21, 2025**
**United States District Judge**

**I.     INTRODUCTION**

Defendant Corderro Cody, who is serving a 360-month sentence for sex trafficking offenses, has filed motions for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A).  The Government opposes a reduction.  For the reasons set forth below, the motions are denied.

**II.    BACKGROUND**

In late 2014, an indictment was filed charging Cody with conspiracy to commit sex trafficking by force, fraud, or coercion, for conspiracy to transport individuals interstate to engage in prostitution, and for sex trafficking by force, fraud, or coercion.  Superseding indictments were filed adding a charge of sex trafficking of a minor and additional counts of sex trafficking by force, fraud, or coercion.  *See, e.g.* ECF No. 41.  On October 30, 2015, Cody entered a guilty plea pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) to a term of 360 months imprisonment.  *See* ECF No. 84.  Consistent with the plea agreement, the Court sentenced Cody to 360 months imprisonment, followed by twenty years supervised release, on

March 14, 2016. The judgment was affirmed on appeal.[1] *See* ECF No. 126.

Cody subsequently filed a motion to vacate under 28 U.S.C. § 2255, which was denied. *See* ECF Nos. 131, 143. The Third Circuit Court of Appeals denied a certificate of appealability on March 17, 2020. *See* ECF No. 146.

On August 17, 2021, Cody filed a motion to modify his sentence under 18 U.S.C. § 3582(c)(1)(A) (compassionate release) on two grounds: (1) that he demonstrated extraordinary acceptance of responsibility by pleading guilty to all counts and (2) that a conflict of interest prevented him from proceeding to trial and resulted in a longer sentence than if he had proceeded to trial. *See* ECF No. 147. In denying the motion, the Court concluded, *inter alia*:

> Cody has wholly failed to demonstrate any reason, much less an extraordinary and compelling reason, to justify modifying his sentence and, as such, the court denies the motion on this basis alone. The court also notes that even if somehow Cody demonstrated an extraordinary and compelling reason in this case, he has not even attempted to argue that any reduction in his sentence would be consistent with the applicable policy statements issued by the Sentencing Commission or that a consideration of the sentencing factors in section 3553(a) would warrant any modification. The court also finds that modifying Cody's sentence would be inconsistent with the applicable policy statements or justified by considering the section 3553(a) factors. Further, as demonstrated by the factual basis supporting Cody's guilty plea, which included references to Cody physically assaulting the victims in his prostitution ring, Cody is a danger to the safety of his victims (some of whom the government contends he was attempting to manipulate even while incarcerated and awaiting the disposition of his charges in this case) and to the community at large, as provided in 18 U.S.C. § 3142(g). Therefore, Cody would not be entitled to a modification of his sentence in this case.

ECF No. 148. This decision was affirmed by the Third Circuit Court of Appeals on March 10, 2022. *See* ECF No. 153.

Now, years later, Cody has again filed a motion for sentence reduction pursuant to 18

---

[1] The Circuit Court "conclude[d] that the District Court did not abuse its discretion in denying Cody's motion to withdraw his guilty plea." *See* Opinion dated November 17, 2017, at 6, App. No. 16-1634 (3d Cir.).

U.S.C. § 3582(c)(1)(A) (compassionate release).[2] *See* Mot., ECF No. 154.  Cody asserts five grounds for relief: (1) rehabilitative accomplishments, (2) sentencing disparity, (3) excessive length of sentence, (4) youthful age at time of offense, and (5) errors at sentencing.  *See id.*[3]  The Government opposed the Motion, arguing that none of Cody's reasons permit reconsideration of a final sentence.  *See* Resp., ECF No. 157.  In a supplemental motion, Cody added a sixth basis for relief: the harshness of his incarceration during the COVID-19 pandemic.  *See* Supp. Mot., ECF No. 159.  The Government also opposed this ground, noting that the COVID-19 complaints about FCI Danbury resolved several years ago and, regardless, the Third Circuit has held such conditions do not constitute extraordinary and compelling reasons.  *See* Supp. Resp., ECF No. 161.  Cody filed a reply focusing primarily on the application of the Section 3553(a) factors to his case.  *See* Reply, ECF No. 163-164.

### III.     STANDARD OF REVIEW

**Motion for Compassionate Release, 18 U.S.C. § 3582(c)(1)(A) - Review of Applicable Law**

The First Step Act empowers criminal defendants to request compassionate release with the court after first complying with the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A).[4]  This section dictates that the defendant must first move for compassionate release with the Bureau of Prisons ("BOP"), which then has thirty (30) days to consider the request.  After exhaustion, the court "may reduce the term of imprisonment (and may impose a term of

---

[2]     Cody asserts that he is requesting a sentence reduction, not compassionate release.  However, the statute he relies upon, 18 U.S.C. § 3582(c)(1)(A), is also known as the compassionate release statute and the relevant law applies to his request.

[3]     Cody also contends that the seriousness of his offense does not preclude a reduction, but this is not an independent basis for relief.  *See* Mot. 18-19.

[4]     Section 3582(c) is actually part of the Sentencing Reform Act of 1984 ("SRA") but was amended by the First Step Act to provide prisoners a more direct route to court for their claims.  *See United States v. Torres*, No. 18-414, 2020 WL 3498156, at *6 (E.D. Pa. June 29, 2020).

probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a)[5] [18 USCS § 3553(a)] to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).[6]

The "applicable policy statement[]" is USSG § 1B1.13, which defines what circumstances should be considered "extraordinary and compelling reasons" for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). "One year after Congress passed the First Step Act, however, the U.S. Sentencing Commission lost its quorum to amend the compassionate release policy statement (USSG § 1B1.13) to reflect the First Step Act's provision that a defendant was now authorized to file their own motion for compassionate release." *United States v. Castillo*,

---

[5]    The § 3553(a) sentencing factors include, but are not limited to:
(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed—
   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   (B) to afford adequate deterrence to criminal conduct;
   (C) to protect the public from further crimes of the defendant; and
   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
. . .
[4] the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.
. . .
18 U.S.C. § 3553(a).

[6]    *See also* 28 U.S.C. § 994(t) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.").

No. 12-cr-230-3, 2024 U.S. Dist. LEXIS 20260, at *6-7 (E.D. Pa. Feb. 5, 2024). For this reason, the Third Circuit Court of Appeals held that the Commission's policy statement in § 1B1.13 was advisory and "not binding—for courts considering prisoner-initiated motions." *See United States v. Andrews*, 12 F.4th 255, 259-60 (3d Cir. 2021) (stating that the descriptions of "extraordinary and compelling reasons" in the policy statement could nevertheless guide a court's decision). *See also United States v. Hurd*, No. 22-1084, 2022 U.S. App. LEXIS 33181, at *3 n.3 (3d Cir. Dec. 1, 2022) (determining that "under *Andrews*, courts are not precluded from considering dangerousness, either by looking to § 1B1.13's policy statements for guidance or as part of the § 3553(a) sentencing factors"). "This changed in April 2023, when the Sentencing Commission promulgated new amendments to the Sentencing Guidelines." *Castillo*, 2024 U.S. Dist. LEXIS 20260, at *6 (explaining that the Commission regained its voting quorum in 2022).

Amendment 814 to the Sentencing Guidelines revised § 1B1.13 and makes the Commission's policy statement binding. *See id.* Amendment 814 also expanded the categories of "extraordinary and compelling reasons" that may warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). *See id.* at *7. The modified categories are as follows: (1) medical conditions of the defendant; (2) health deteriorations in the defendant as a result of old age; (3) family circumstances of the defendant; (4) the defendant was the victim of abuse while incarcerated, (5) "other reasons," and (6) unusually long sentence.[7] The Commission's now-

---

[7] Subsection (b)(6) further provides:
If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

binding policy statement also requires the petitioner to show that he "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *See* USSG § 1B1.13(2).[8]

## IV.    ANALYSIS

### A.    Cody has failed to show extraordinary and compelling reasons.

Whether his grounds are considered individually or collectively, Cody has failed to show an extraordinary and compelling reason warranting a sentence reduction. As to his first argument (rehabilitative accomplishments), "the statute is clear that rehabilitation alone cannot constitute extraordinary and compelling grounds under § 3582." *United States v. Barndt*, No. 22-2548, 2022 U.S. App. LEXIS 32803, at *4 (3d Cir. Nov. 29, 2022). *See also* 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."). His second (sentencing disparity), fourth (youthful age at time of

---

USSG § 1B1.13(b)(6).

[8]    Section 3142(g) provides:
The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning—
  (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
  (2) the weight of the evidence against the person;
  (3) the history and characteristics of the person, including—
    (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
    (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
  (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . .
18 U.S.C. § 3142(g).

offense),[9] and sixth (harshness of incarceration during and following the COVID-19 pandemic) grounds for a reduction also fail to present extraordinary and compelling reasons. *See United States v. Williams*, No. 22-3219, 2023 U.S. App. LEXIS 12061, at *4 (3d Cir. May 17, 2023) (affirming denial of a sentence reduction because "the potential risk of harm associated with the COVID-19 pandemic; [the defendant's] relatively young age at the time of the offense [twenty-seven]; the significant time he had already served; his current age and low risk of recidivism; his efforts at rehabilitation; and the disparity between his sentence and the sentences of his co-defendants who cooperated with law enforcement. . . were insufficient to warrant compassionate release"); *Andrews*, 12 F.4th at 262 (finding no error in the district court's assessment that although Andrews's age (nineteen at the time of the offense) and rehabilitation could both be viewed as extraordinary, they were not compelling to warrant a reduced sentence).

Cody's third ground for a reduction (the excessive length of sentence) also fails to present an extraordinary and compelling reason. "The duration of a lawfully imposed sentence does not create an extraordinary or compelling circumstance [because t]here is nothing 'extraordinary' about leaving untouched the exact penalties that Congress prescribed and that a district court imposed for particular violations of a statute." *Andrews*, 12 F.4th at 260-61 (quotations omitted). The Sentencing Commission's amended policy statement in § 1B1.13(b)(6) for "unusually long sentences" does not abrogate *Andrews*. *See United States v. Rutherford*, 120 F.4th 360, 374 (3d Cir. 2024). Congress took retroactivity "off the table" in the First Step Act and the Policy Statement in § 1B1.13(b)(6) "cannot change that;" consequently, nonretroactive amendments may not be the basis for compassionate release under § 1B1.13(b)(6). *See id.* at 375-79. Cody

---

[9]    Cody, who was twenty-eight years old at the time of his guilty plea on October 30, 2015, committed the offenses over a span of five years (from 2009 through May 2014).

does not rely on a nonretroactive amendment in seeking a sentence reduction. His third ground for a reduction therefore fails to present an extraordinary and compelling reason.

Finally, Cody's alleged errors at sentencing (fifth ground for a reduction) do not cite to any errors by the Court or by counsel. Rather, Cody refers to recent changes to the Guidelines regarding priors for marijuana possession. *See* Mot. 19-21. Cody admits that his prior was not for marijuana possession; instead, it was for possession of eleven "e-pills." *See id.* He suggests, however, that the Sentencing Commission's commentary about the length of time offenders received for marijuana possession reflects a trend in the Commission's view on offenders of simple possession of other controlled substance offenses as less culpable for criminal history point calculation. *See id.* For the reasons set forth in rejecting ground three (excessive length of sentence), Cody's fifth ground for relief also fails to present an extraordinary and compelling reason for a reduction. *See Rutherford*, 120 F.4th at 374 (holding that nonretroactive changes in the law may not be the basis for compassionate release); *Andrews*, 12 F.4th at 260-61 (holding that the "duration of a lawfully imposed sentence does not create an extraordinary or compelling circumstance"). *See also United States v. Henderson*, 858 F. App'x 466, 469 n.2 (3d Cir. 2021) (holding that a sentencing error may only be raised in a motion under 28 U.S.C. § 2255 and cannot qualify as an extraordinary and compelling reason for compassionate release).

Whether considered individually or in combination, Cody has failed to show an extraordinary and compelling reason for a reduction in sentence. *See United States v. Hogeland*, No. 22-2777, 2022 U.S. App. LEXIS 34615, at *3-5 (3d Cir. Dec. 15, 2022) (concluding that the combination of the defendant's rehabilitation efforts, of nonretroactive changes to mandatory minimums, of harsh prison conditions resulting from the COVID-19 pandemic, and of the allegedly longer sentence than the defendant would have received had he entered into an offered

plea agreement, did not present extraordinary or compelling circumstances warranting relief); *United States v. Fountain*, No. 12-155, 2024 U.S. Dist. LEXIS 202767, at *2 (E.D. Pa. Nov. 7, 2024) (denying motion for compassionate release under § 3582(c)(1)(A)(i) that was based on seventeen grounds, including sentence disparity and poor prison conditions, for failing to state an extraordinary and compelling reason).

      **B.**      **The section 3553(a) factors do not support release and Cody is a danger.**

Because Cody has failed to allege an extraordinary and compelling reason for a reduction, "it is not necessary for the Court to advance to the next step of the § 3582(c)(1)(A)(i) inquiry by assessing the application of the § 3553(a) factors and possible danger to the community imposed." *See United States v. Hight*, 488 F. Supp. 3d 184 (E.D. Pa. 2020) (finding no need to consider the sentencing factors because the inmate failed to present extraordinary and compelling reasons justifying his immediate release). Nevertheless, this Court agrees with the sentencing court's evaluation of the 3553(a) factors.[10]

---

[10]    In imposing sentence, the Court stated:
I have also considered, in addition to the Guidelines, the sentencing factors set forth at Section 3553(a) of Title 18 United States Code. This is a very serious case and Mr. Cody also has a serious background, inasmuch as the sentence should properly reflect not just the offenses, but also the offender. I note that Mr. Cody has been sentenced on multiple times in the past and that this particular series of offenses is particularly heinous, and what was done to these girls over this period of time is almost unbelievable and that it was allowed to continue as long as it did before Mr. Cody was finally arrested. The nature and circumstances of the offense almost could not be more offensive. And the history and characteristics of the Defendant suggest that he really had no remorse with respect to the conduct he was committing. Although I will say that was somewhat changed when he decided to plead guilty in this case, notwithstanding the subsequent efforts to withdraw the guilty plea. I will note that during the plea hearing, Mr. Cody, you were candid, you appeared to be honest, accepting responsibility, and recognizing what you had actually done to these women, and I am taking that into account in determining whether this sentence is an appropriate sentence. Obviously, the sentence imposed needs to reflect the seriousness of the offense, promote respect for the law and afford deterrence, and protect the public from your further crimes. Also to provide

The facts of this case are indeed "particularly heinous." *See* Sent. N.T. 11:8. For approximately five years, Cody ran a forced prostitution business. *See* Plea N.T. 49:12, ECF No. 101. Cody physically assaulted or raped the women (victims) he manipulated/forced into prostitution if they were disrespectful or otherwise failed to comply with his rules. *See id.* at 49:1-12, 52:9-11. As another means of coercion, Cody took their personal property, money, and identification, and provided the victims with drugs to reduce their inhibitions. *See id.* at 49:17-22, 50:23-24. When one of his victims asked Cody if she could keep some money for food or cigarettes, Cody beat her so severely that she temporarily lost vision in one of her eyes. *See id.* at 50:25 – 51:4. Cody used this victim's child as a tool of manipulation to force her prostitution. *See id.* at 51:4-10. Cody punched another victim so violently that she lost consciousness and had to be hospitalized. *See id.* at 52:19-23. The Government described similar assaults and/or rapes by Cody against each of the twelve victims named in the Second Superseding Indictment. *See id.* at 49:17 – 61:8. Cody admitted to all these facts. *See id.* at 62:12-22. The violence of his acts show that Cody continues to present a danger to the community if released and this Court needs to protect the public from further crimes. *See* 18 U.S.C. § 3142(g); *United States v. Mentzer*, No. 22-1171, 2022 U.S. App. LEXIS 13211, at *4-5 (3d Cir. May 17, 2022) (affirming the denial of compassionate release because the "District Court properly emphasized the 'heinous' nature of [the] offenses . . . and the need to protect the public from further crimes and

---

you with whatever needed educational and vocational training, and other correctional treatment that is available. And the kinds of sentences available here, really incarceration is the most important sentence available to the Court in ensuring that you are segregated from the public and from other potential victims. I note that all of these victims were particularly vulnerable and you were particularly adept at manipulating them, using both force, coercion and other manipulation in order to get them to participate in your program, which involved prostitution.

Sent. N.T. 11:10 – 12:22, ECF No. 119.

to deter future criminal conduct"). Additionally, Cody has served approximately eleven (11) years of a thirty (30) year sentence to date. For all these reasons, those set forth by the sentencing court,[11] given the heinous nature of the crime, and in light of the fact that Cody has only served approximately one-third of his sentence, the section 3553(a) factors do not support a reduction. *See United States v. Coles*, No. 21-1715, 2022 U.S. App. LEXIS 13215, at *4 (3d Cir. May 17, 2022) (affirming the denial of a motion to reduce sentence where the district court, pointing out the seriousness of the offense and the fact that the defendant had only served approximately one third of his 240-month sentence, "reasonably concluded that the § 3553(a) factors counseled against release").

## V.     CONCLUSION

Cody has failed to present an extraordinary and compelling reason for a reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). Even if he had, the section 3553(a) factors would not support a reduction in light of the particularly heinous nature of his offenses and the fact that Cody has only served served approximately one-third of his 360-month sentence. The Motion for Sentence Reduction is therefore denied.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[11]   In addition to the sentencing judge's reasoning at sentencing, this Court also finds persuasive the sentencing judge's findings when denying Cody's his motion to modify sentence. *See* Order n.1, ECF No. 148 (determining that "as demonstrated by the factual basis supporting Cody's guilty plea, which included references to Cody physically assaulting the victims in his prostitution ring, Cody is a danger to the safety of his victims (some of whom the government contends he was attempting to manipulate even while incarcerated and awaiting the disposition of his charges in this case) and to the community at large, as provided in 18 U.S.C. § 3142(g)").